**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Jeremiah Jackson, | ) | CASE NO. 06 CR 290 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| United States of America, | ) | Memorandum of Opinion and Order |
| | ) | |
| Respondent. | ) | |

**INTRODUCTION**

This matter is before the Court upon Petitioner's Motion to File 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence (Doc. 738).  For the reasons that follow, the motion is

DENIED.

**FACTS**

Petitioner, Jeremiah Jackson, was indicted on June 14, 2006, for drug related activity.

On February 26, 2007, petitioner entered a written plea agreement with the government and pled

guilty to conspiracy to possess with intent to distribute and distribution of crack within 1,000

feet of school property.  The government dismissed the remaining counts in the indictment.  On

1

March 29, 2007, this Court sentenced petitioner to 100 months of imprisonment followed by eight years of supervised release. Petitioner did not file an appeal. Thereafter, petitioner filed a motion pursuant to 18 U.S.C. § 3582(c)(2). This Court granted petitioner's motion and reduced his sentence to 84 months.

Petitioner now moves the Court pursuant to 28 U.S.C. § 2255. According to petitioner, his sentence is unconstitutional because it is based on a disparity between crack and powder cocaine. The government opposes the motion.

**ANALYSIS**

Petitioner argues that his sentence is subject to collateral review because the Supreme Court favorably changed the law governing petitioner's sentence. In response, the government argues that the motion is untimely. Further, the government points out that petitioner waived his right to collateral review except in limited circumstances, none of which are applicable here.

Upon review, the Court finds that petitioner's motion must be denied. As an initial matter, the plea agreement contains a waiver of petitioner's right to obtain collateral review. None of the exceptions to the wavier are argued by petitioner. Moreover, the motion is untimely. In response to the timeliness issue, petitioner claims that the Supreme Court issued *Spears v. United States*, 129 S.Ct. 840 (2009) on January 21, 2009. Because petitioner filed his motion within one year of *Spears*, the motion should be considered timely. The argument is rejected. As petitioner himself recognizes, the Supreme Court, in *Kimbrough v. United States*, 522 U.S. 85 (2007), previously held that district courts may deviate from the sentencing guidelines' 100-to-one ratio for crack cocaine. *Spears* simply "clarified" the holding in *Kimbrough*. Thus, even if the plea agreement did not contain a waiver of appellate rights, this

2

Court is not convinced that petitioner's motion would be timely.

### CERTIFICATE OF APPEALABILITY

Based on the foregoing, the Court declines to issue a certificate of appealability.

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, the Court does not find that petitioner has made a substantial showing of the denial of a constitutional right.  Accordingly, the Court declines to issue a certificate of appealability.

### CONCLUSION

For the foregoing reasons, Petitioner's Motion to File 28 U.S.C. § 2255 to Vacate, Set

3

Aside, or Correct Sentence is DENIED.

IT IS SO ORDERED.



 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/5/10